[745 NYS2d 202]

In the Matter of MARK A. KOVLER (Admitted as MARK ALLAN KOVLER), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, July 8, 2002

**APPEARANCES OF COUNSEL**

*Gary L. Casella,* White Plains (*Forrest Strauss* of counsel), for petitioner.

*Richard E. Grayson,* White Plains, for respondent.

**OPINION OF THE COURT**

Per Curiam.

The respondent has submitted an affidavit dated April 11, 2002, in which he tenders his resignation as an attorney and counselor-at-law (*see* 22 NYCRR 691.9).

The respondent avers that he is currently the subject of a disciplinary proceeding based upon the facts and conclusions made in a decision of the Honorable Adlai S. Hardin dated January 14, 2000 (249 BR 238), in two matters in the United States Bankruptcy Court for the Southern District of New York. The respondent is aware that the petitioner is in the process of preparing charges, pursuant to this Court's decision and order dated February 19, 2002, which will allege, inter alia, that he fraudulently conveyed his interest in the marital residence to his wife in 1994 with the intent to hinder, delay, or defraud creditors, that he was involved in the creation of false evidence regarding the deed prepared in connection with that conveyance and a purported marital separation agreement between himself and his wife in 1994, that he gave false testimony concerning these matters in depositions in a Federal District Court action and during depositions and trial proceedings which culminated in Judge Hardin's decision, and that he violated numerous disciplinary rules by virtue of his misconduct.

The respondent acknowledges his inability to successfully defend himself on the merits against such allegations in the disciplinary proceeding authorized by the Court. The respondent further avers that his resignation is submitted freely and voluntarily and that he has not been subjected to coercion or duress. He is fully aware of the implications of submitting his resignation. In acknowledging his misconduct, the respondent calls the Court's attention to the fact that he was suffering from adverse health during the period referred to in Judge Hardin's decision. He was also effected by the deaths and illnesses of other family members. During that time, the respondent was taking a number of medications and was being treated by a number of medical specialists.

The respondent expressed an awareness that pursuant to Judiciary Law § 90 (6-a), to the extent that he could not account for any funds which he held for third parties in a fiduciary capacity, the Court could, in an order permitting him to resign, require him to make monetary restitution to any persons whose money or property was misappropriated or misapplied or to reimburse the Lawyers' Fund for Client Protection of the State of New York.

The respondent is further aware that any order issued pursuant to Judiciary Law § 90 (6-a) could be entered as a civil judgment against him and he specifically waives the opportunity afforded by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

Inasmuch as the proffered resignation comports with all appropriate Court rules, it is accepted, the respondent is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

PRUDENTI, P.J., RITTER, SANTUCCI, ALTMAN and SCHMIDT, JJ., concur.

Ordered that the resignation of Mark A. Kovler is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Mark A. Kovler is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Mark A. Kovler shall comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Mark A. Kovler is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.